UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| FRANK DEPINTO, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | Case No. 1:13-cv-135 |
| v. ) | |
| ) | Judge Mattice |
| GRADY BOGUE, *et al.*, ) | Magistrate Judge Carter |
| ) | |
| *Defendants*. ) | |
| ) | |

## ORDER

On April 25, 2013, Plaintiff filed an application to proceed *in forma pauperis* and a *pro se* Complaint. (Docs. 1, 2). Insofar as a cogent claim may be discerned from the Complaint, it is this: Plaintiff seeks several million dollars in damages under "US Tort Law" for assault and intentional infliction of emotional distress.

On May 2, 2013, United States Magistrate Judge William B. Carter filed a Report and Recommendation ("R&R") (Doc. 4) pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). Magistrate Judge Carter recommended that Plaintiff's Complaint be dismissed with prejudice, per 28 U.S.C. § 1915(e)(2), and that his application to proceed *in forma pauperis* be denied as moot.

Plaintiff has filed no objections to the Magistrate Judge's R&R.[1] Nevertheless, the Court has reviewed the Report and Recommendation as well as the record, and it agrees with Magistrate Judge Carter's well-reasoned conclusions.

---

[1] Magistrate Judge Carter specifically advised Plaintiff that he had 14 days in which to object to the Report and Recommendation and that failure to do so would waive his right to appeal. (Doc. 4 at 3 n.2); see Fed. R. Civ. P. 72(b)(2); see also *Thomas v. Arn*, 474 U.S. 140, 148-51 (1985) (noting that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings"). The Court notes that

The Court makes one modification to the Magistrate Judge's recommendation. Because the Court, like the Magistrate Judge, concludes that it lacks subject matter jurisdiction, this case will be dismissed *without* – rather than with – prejudice. *See, e.g., Revere v. Wilmington Fin.*, 406 F. App'x 936, 937 (6th Cir. 2011) ("Dismissal for lack of subject-matter jurisdiction should normally be without prejudice . . . .").

Accordingly, the Court **ACCEPTS** and **ADOPTS** Magistrate Judge Carter's Report and Recommendation **AS MODIFIED**, and this action is hereby **DISMISSED WITHOUT PREJUDICE**. Plaintiffs' application to proceed *in forma pauperis* (Doc. 1) is **DENIED AS MOOT**.

**SO ORDERED** this 23rd day of May, 2013.

                                                    */s/ Harry S. Mattice, Jr.*
                                                    HARRY S. MATTICE, JR.
                                                    UNITED STATES DISTRICT JUDGE

---

Plaintiff did, however, file an amended application to proceed *in forma pauperis*. That amended application has no material bearing on the Magistrate Judge's well-reasoned conclusions.